Douglas L. Ropel, Bar No. 300486
dropel@littler.com
Fay K. Saechao, Bar No. 320597
fsaechao@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
Telephone:    916.830.7200
Facsimile:    916.561.0828

Attorneys For Defendant
DEXIAN, LLC (erroneously sued as DIGITAL
INTELLIGENCE SYSTEMS, LLC)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATIMA NEZAMY,<br><br>             Plaintiff,<br><br>      v.<br><br>DIGITAL INTELLIGENCE SYSTEMS, LLC; and DOES 1 to 10, inclusive,<br><br>             Defendants. | Case No. *Pending*<br><br>*[Removed from Contra Costa Superior Court Case No. C25-00300]*<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>[28 U.S.C. §§ 1332, 1441, 1446]<br><br>Trial Date:         None Set<br>Complaint Filed:   January 31, 2025 |

CASE NO. *Pending*

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, TO PLAINTIFF FATIMA NEZAMY, AND HER ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendant DEXIAN, LLC (erroneously sued as DIGITAL INTELLIGENCE SYSTEMS, LLC) ("Defendant") hereby removes the above-entitled action from the Superior Court for the State of California, in and for the County of Contra Costa, to the United States District Court, Northern District of California, pursuant to 28 U.S.C. §§ 1441 and 1446, based on the original jurisdiction of this Court under 28 U.S.C. § 1332(a). Defendant will also file a copy of this Notice of Removal with the Contra Costa Superior Court. Defendant makes the following allegations in support of its Notice of Removal:

## I.    JURISDICTION

This Court has original jurisdiction over this action under the diversity of citizenship statute, which grants district courts with original jurisdiction over civil actions where the matter is between citizens of different states and the amount in controversy in the matter exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).  As set forth below, this case meets all of the requirements for removal in the diversity of citizenship statute and, based upon the filing of this Notice, removal is timely and proper. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

## II.    VENUE

Plaintiff FATIMA NEZAMY ("Plaintiff") filed this action in the Superior Court for the State of California, County of Contra Costa. Venue is proper in this Court because this is the District Court of the district and division embracing the place where the action is pending in the state court. *See* 28 U.S.C. §§ 84(a), 1391, and 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending…").

## III.    PROCEDURAL BACKGROUND

On or about January 31, 2025, Plaintiff FATIMA NEZAMY ("Plaintiff") filed a complaint in the Superior Court for the State of California, County of Contra Costa, which is captioned as follows: *Fatima Nezamy v. Digital Intelligence Systems, LLC*, Case No. C25-00300. Declaration of Fay Saechao in Support of Defendant's Removal ("Saechao Decl."), ¶ 2, Ex. 1 ("Complaint"). The lawsuit arises out of Plaintiff's

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

employment with Defendant.

The Complaint includes the following causes of action: (1) Marital Status Discrimination in Violation of Cal. Gov't Code §§ 12940, *et seq*. (the "FEHA"); (2) Gender Stereotype Discrimination in Violation of Cal. Gov't Code §§ 12940, *et seq*.; and (3) Wrongful Termination in Violation of Public Policy.  Ex. 1, ¶¶ 8-49.  Defendant denies the allegations and claims in the Complaint.

On or about March 27, 2025, Plaintiff served on Defendant via its service of process agent, National Registered Agents, Inc., the: (a) Summons; (b) Complaint; (c) Civil Case Cover Sheet; (d) Notice of Case Management Conference; (e) blank Case Management Statement (Judicial Council Form CM-110); (f) blank Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b); and (g) Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c-INFO).  Saechao Decl., ¶ 3, Exs. 1 through 7.

On or about April 24, 2025, Defendant filed an Answer to Plaintiff's unverified Complaint in the Superior Court for the State of California, County of Contra Costa.  Saechao Decl., ¶ 4, Ex. 8.  Defendant served Plaintiff with the Answer the same day, April 24, 2025.  *Id.*  As far as Defendant is aware, no further process, proceedings, or orders related to this case have been filed or issue from the Superior Court for the State of California, County of Contra Costa, nor has any party served any pleadings other than as described above.

Plaintiff's Complaint names as defendants "*Does 1 through 10, inclusive.*" Defendant is informed and believes, and on that basis alleges, that none of the fictitiously named defendants have been identified or served with a copy of the Summons and Complaint. Therefore, the fictitiously named defendants are not parties to this action, they do not need to consent to removal, and they must be disregarded for purposes of this removal analysis.  28 U.S.C. § 1441(b); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984).

Exhibits 1 through 8 attached herewith satisfy the requirements of 28 U.S.C. § 1446(a) because they constitute all process, proceedings, and/or orders either served upon Defendant in this action or filed by Defendant in this action.

**IV.    TIMELINESS OF REMOVAL**

This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), the notice of removal must be filed

3                                      CASE NO. *Pending*

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

within 30 days of the defendant's receipt of service of the summons and complaint. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (the 30-day removal period runs from the service of the summons and complaint; informal receipt of summons and complaint is insufficient to trigger removal period). Plaintiff served Defendant with the Summons and Complaint on March 27, 2025, which means the 30-day period runs through April 28, 2025. *See* California Rules of Court Rule 1.10; Federal Rules of Civil Procedure Rule 6. Defendant filed this Removal before April 28, 2025. Therefore, it is timely.

## V.    REMOVAL JURISDICTION BASED ON DIVERSITY

Any civil action commenced in state court is removable if it could have been brought originally in federal court. *See* 28 USC § 1441(a). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, *e.g.*, Plaintiff and Defendant must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *see also Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (diversity is assessed and must exist at the time of: (a) filing of the Complaint; and (b) removal).

Under 28 U.S.C. § 1446(a), a notice of removal need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 87 (2014). If a complaint fails to state the amount in controversy, the defendant's Notice need only plausibly allege that the amount in controversy exceeds $75,000; evidentiary submissions are not required. *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (removing defendant may rely on "a chain of reasoning that includes assumptions" based on allegations in the complaint).

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), 1441(a) because both requirements are satisfied; the parties to this action are completely diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs. Plaintiff's Complaint explicitly alleges and seeks more than $500,000.00 in damages. Ex. 1, Prayer For Relief. Even if the Complaint did not explicitly allege that the amount in controversy exceeds $75,000, the Complaint's claims, submissions herewith, and analysis set forth herein make clear that the amount in controversy satisfies the jurisdictional

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

threshold in 28 U.S.C. §§ 1332(a). Defendant's Notice and submissions herewith also satisfy the requirements of 28 U.S.C. § 1446(a).

## VI.   COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

### A.   *Plaintiff is a Citizen of the State of California*

For diversity purposes, a natural person is a "citizen" of the state in which he or she is domiciled, *i.e.*, the place she resides with the intention to remain or return. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Lew v. Moss*, 797 F.2d 747, 749-751 (9th Cir. 1986); *Nersesian*, 2013 U.S. Dist. LEXIS 56025, at *7, (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). To be a citizen of a U.S. state for diversity purposes, a natural person must be a United States citizen or a citizen of a foreign state who is lawfully admitted for permanent residence in the United States. *See* 28 U.S.C. § 1332(a)(1)-(2); *see also Bank of N.Y. Mellon v. Nersesian*, 2013 U.S. Dist. LEXIS 56025, at *7 (C.D. Cal. 2013) (citing *Kantor,* 704 F.2d at 1090).

Plaintiff's Complaint alleges she is a resident of Contra Costa County, California.  Ex. 1, ¶ 3. Therefore, Plaintiff is a citizen of California for purposes of the jurisdictional analysis. *See District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) (residence equates to domiciliary until facts establish the opposite); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (allegation of residency by party in state court Complaint "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (a party's residence is *prima facie* evidence of his domicile); *see also Sadeh v. Safeco Ins. Co.*, No. CV12-03117SJO(PLAx), 2012 WL 10759737, at *2 (C.D. Cal. June 12, 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).

### B.   *Defendant Is <u>Not</u> a Citizen of the State of California*

For purposes of 28 U.S.C. § 1332(c)(1), a limited liability company's citizenship is determined by the citizenship of each member or owner of the company.  *See, e.g., Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  Further, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business.  *See*

CASE NO. *Pending*

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

28 U.S.C. § 1332(c)(1).  As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010), "the phrase 'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities."  This is often referred to as the corporation's "nerve center," which will typically be found at its corporate headquarters.  *Id*. at 80-81.

Digital Intelligence Systems, LLC changed its name to Dexian, LLC on or about December 31, 2024.  Declaration of Alex Baldwin ("Baldwin Decl."), ¶ 2.  Dexian, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Virginia.  Baldwin Decl., ¶ 3.  Its sole member is Dexian Holdings, LLC.  *Id.*  Dexian Holdings, LLC is a limited liability company with two members: (1) M.A. Holdings Corporation and (2) Inspira Financial Trust, LLC for the benefit of Aman Kumar.  Baldwin Decl., ¶ 3.  For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  M.A. Holdings Corporation is incorporated in and has its principal place of business in the State of Virginia.  *Id.*  A trust has the citizenship of its trustee or trustees.  *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980). Inspira Financial Trust, LLC was organized under the laws of the State of Illinois and has its principal place of business is in the State of Illinois.  *Id*. Additionally, Plaintiff's Complaint alleges that Defendant is a "Delaware limited liability company."  *See* Ex. 1, ¶ 4.  Therefore, Defendant was a citizen of Delaware, Virginia, and Illinois at the time the action was filed in state court and is still a citizen of Delaware, Virginia, and Illinois now.

Plaintiff's Complaint also names as defendants "Does 1-10, inclusive."  *See* Ex. 1, ¶ 5.  However, pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. Further, to Defendant's knowledge, no fictitious defendant has been served; thus, none need to join in the Notice of Removal.  *See Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summoned can remove by themselves"); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

In summary, Defendant is a citizen of the States of Delaware, Virginia, and Illinois, whereas Plaintiff is a citizen of the State of California. Therefore, complete diversity of citizenship exists under 28 U.S.C. § 1332(a), thereby satisfying the first requirement of diversity jurisdiction.

CASE NO. *Pending*

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

## VII.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

Plaintiff's Complaint specific the amount that she seeks to recover from Defendant in this action exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).  *See* Ex. 1, Prayer for Relief, ¶¶ 1-9.

Defendants need only show by a preponderance of the evidence that Plaintiff's claimed damages exceed the jurisdictional minimum.  *Sanchez v. Monumental Life Ins. Co*, 102 F.3d 398, 403-04 (9th Cir. 1996).  Further, the United States Supreme Court has held that under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'"  *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 87 (2014).  The Court held that this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions."  *Id*. at 84, 87.  Defendant need only plausibly allege that the amount in controversy exceeds $75,000, exclusive of interest and costs.  *Id*.  ("[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").  Here, the Court can facially ascertain from the Complaint and its Prayer for Relief that the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See Singer v. State Farm Mutual Auto Ins. Co*., 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy.") (Internal citations and quotations omitted).

The Ninth Circuit instructs courts to first consider whether it is "facially apparent" from the complaint that the jurisdictional amount has been satisfied.  *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  When determining whether the minimum amount in controversy has been satisfied, the Court must assume the Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The inquiry focuses on the amount the Complaint puts "in controversy," and not how much, if anything, Plaintiff could actually prove.  *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the provable amount of damages is not what is considered in the removal analysis).

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

If the complaint does not clearly establish the jurisdictional amount, which it has here, then the court may consider facts in the removal petition. *Singer*, 116 F.3d at 377; *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (clarifying how the amount-in-controversy inquiry is not confined to the face of the complaint"). Defendants "may make mathematical calculations using reasonable averages of, for example, hourly, monthly, and annual incomes of comparable employees when assessing the amount-in-controversy." *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 U.S. Dist. LEXIS 76351, at *6 (C.D. Cal. May 30, 2014). The analysis may also take into account damages awards in similar cases. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

By and through the claims and allegations in the Complaint, Plaintiff explicitly seeks a variety of damages, including but not limited to: "$250,000.00 for general damages, including emotional distress damages;" "$250,000.00 for special damages, including lost wages and benefits;" "punitive and exemplary damages;" "prejudgment interest;" "post-judgment interest;" and attorneys' fees. *See* Ex. 1, Prayer for Relief, ¶¶ 1-9. "In addition to the $500,000.00 for general and special damages that NEZAMY is requesting, as set forth above, NEZAMY is entitled to attorney's fees and costs, pursuant to California law, including, without limitation, Government Code section 12965, subdivision (b)." *Id.*, Request for Attorney's Fees and Costs. Defendant denies the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for relief stemming therefrom. Nevertheless, as explicitly requested in the Complaint, the total amount "in controversy" is at least $500,000.00 – much higher than $75,000. However, even without the Complaint's explicit prayer for damages exceeding $75,000, this threshold is easily met by the Complaint's allegations and claims.

Even if a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.,* 95 F.3d 856, 860-861 (9th Cir. 1996), *amended by, rehearing en banc denied by,* 102 F.3d 398, 404 (9th Cir. 1996). In an action by a single plaintiff against a single defendant, all claims can be aggregated to meet the minimum jurisdictional amount. *Bank of Calif. v. Twin Harbors Lumber Co.,* 465 F.2d 489, 491(9th Cir. 1972); *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

Economic damages, non-economic damages, general damages, attorneys' fees and costs and punitive damages are all included in determining the amount in controversy. *See Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (prayer for punitive damages included in determining amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute). The Court may examine the nature of the action and the relief sought and take judicial notice of attorneys' fee awards in similar cases. *See, e.g., Simmons v. PCR Technology,* 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages). Furthermore, such fees are calculable beyond the time of removal. *Id.*

### A.    *Lost Earnings*

Plaintiff seeks recovery of economic losses, alleging that as a result of Defendant's conduct she sustained special damages including the loss of past and future earnings. *See* Ex. 1, ¶¶ 14, 28, 39, 48, Prayer for Relief. Should Plaintiff prevail on her legal claims for wrongful termination, she potentially could recover lost wages and other compensation through the date of trial. Per the Complaint, Plaintiff was formerly employed by Defendant as a Lead Recruiter earning an annual base salary of $85,000.00. *Id.* Although Defendant denies Plaintiff is entitled to recover any damages, if Plaintiff were to recover back wages from February 16, 2023, to the present, she could potentially recover approximately $184,158.00 (approximately $7,083 per month x 26 months). If Plaintiff remains unemployed through trial, which would likely be completed no sooner than one year from today, and likely far later, the amount in controversy as to lost wages would total approximately 38 months (26 months + 12 months), or roughly **$269,154.00**. *See Chavez v. JP Morgan Chase & Co.,* 888 F.3d 413, 417 (9th Cir. 2018) (future wages are at stake in litigation if "plaintiff claims at time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages" should she prevail); *see also Stainbrook v. Target Corp.*, 2016 WL 3248665, at *4 (C.D. Cal. June 8, 2016) (calculating plaintiff's lost wages from time of termination through time of trial, using a "hypothetical trial date" one year after removal); *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *2 n.1 (E.D. Cal. June 1, 2007) (affirming that the

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

court should consider both past and future lost wages after the time of removal).

Thus, Defendant conservatively estimates loss of earnings to be roughly **$269,154.00** here.

### B.    *Emotional Distress Damages*

The potential for emotional distress damages is also properly considered in the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Plata v. Target Corp.*, 2016 WL 6237798, at *3 (C.D. Cal. Oct. 25, 2016) ("Emotional distress damages are properly considered in the amount in controversy for jurisdiction purposes."). Here, Plaintiff seeks recovery of emotional distress damages, alleging that as a result of Defendants' conduct, she has suffered and continues to suffer "emotional distress" and "severe anxiety, humiliation, mental anguish, embarrassment . . . ." *See* Ex. 1, ¶¶ 29, 40, 49, Prayer For Relief. In *Kroske,* the Ninth Circuit found that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thereby satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Kroske*, 432 F.3d at 980.

Defendant denies that Plaintiff is entitled to any emotional distress damages in this case. But based on *Kroske* and other cases, a reasonable and extremely conservative estimate for the amount put in controversy as to emotional distress damages is at least $25,000. *See also Rodriguez v. Home Depot, U.S.A. Inc.*, 2016 WL 3902838, at *5 (N.D. Cal. July 19, 2016) (The amount in controversy may include emotional distress damages for claim of wrongful termination in violation of public policy). Such emotional distress damages couple with other damages to meet the $75,000 threshold needed for diversity jurisdiction. *See Pool v. Ameripark, LLC*, 2020 WL 9048837, at *3 (S.D. Cal. Mar. 20, 2020) (plaintiff seeking damages for, among other claims, rest break violations and constructive termination "could very likely recovery more than $75,000 … in the form of compensatory damages and emotional distress, and perhaps most significantly punitive damages"); *see also Arellano v. Wal-Mart Stores, Inc.*, 2017 WL 4083144, at *3 (C.D. Cal. Sept. 14, 2017) (defendant established amount in controversy exceeds $75,000 for claims including those for wrongful termination, violations of California Labor Codes, lost wages, and emotional distress); *see also Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

where there is evidence . . . that the plaintiff suffered heightened mental anguish."). Thus, Defendant conservatively estimates **$25,000** for emotional distress damages here.

### C.    *Punitive Damages*

Plaintiff also seeks recovery of punitive damages. *See* Ex. 1, ¶¶ 27, 38, 47, Prayer for Relief, ¶ 3. Like lost wages and emotional distress damages, punitive damages are also properly included in the amount in controversy. *Davenport v. Mut. Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Plata*, 2016 WL 6237798, *3. California law does not provide any specific monetary limit on punitive damages awarded under Civil Code section 3294; any award amount is based on the reprehensibility of the defendant's conduct, the ratio between compensatory and punitive damages, and the ratio between damages and the defendant's net worth. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-25 (2003) (upholding awards as high as four times the amount of compensatory damages). Using a 1:1 ratio of punitive damages to lost earnings as a conservative estimate, punitive damages would add another **$269,154.00** to the amount in controversy in this case. *See Stainbrook*, 2016 WL 3248665 at *4 (denying motion to remand in FEHA disability discrimination and retaliation case and finding $75,000 jurisdictional threshold met by punitive damages and emotional distress damages alone because punitive damages were calculated as a multiplier of compensatory damages).

### D.    *Attorneys' Fees*

Plaintiff also seeks attorneys' fees. *See* Ex. 1, ¶¶ 30, 41, Prayer for Relief, ¶ 7, Request for Attorney's Fees and Costs. As the Ninth Circuit Court of Appeals has plainly held: "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met*." Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). In FEHA cases such as this one, the law entitles plaintiff to an award of attorneys' fees if she is successful, which means attorneys' fees must be included in the amount in controversy because they are at stake in the litigation. *Id.*; *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002) (finding jurisdictional maximum satisfied because attorneys' fees in individual discrimination cases often exceed the damages); *see also Rivera v. Costco Wholesale Corp.*, No. C 08-02202 CW, 2008 WL 2740399, **12-13 (N.D. Cal. July 11, 2008) (denying motion for remand in part because attorneys' fees

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

11

CASE NO. *Pending*

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

would be substantial at plaintiff's counsel claimed rate of $400 an hour).  "Recent estimates for the number of hours expended through trial for employment cases … have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate."  *Sasso v. Noble Utah Long Beach*, LLC, 2015 U.S. Dist. LEXIS 25921, at *12 (C.D. Cal. March 3, 2015) (citations omitted); *see Fritsch*, 899 F.3d at 796 ("district courts may likewise rely on their own knowledge of customary rates and their experience concerning reasonable and proper fees").  Using the conservative estimate of attorneys' fees from *Sasso*, potential attorneys' fees in this case add at least **$30,000** to the amount in controversy.

**E.      *Summary of Amount in Controversy***

Defendant wholly denies that Plaintiff is entitled to any damages in this case. However, when the relief sought by Plaintiff in her Complaint is taken as a whole, the amount in controversy for Plaintiff's claims more likely than not exceeds the $75,000.00 jurisdictional requirement, exclusive of interest and costs, even when using very conservative estimates:

| Plaintiff's Claim | Amount in Controversy |
|---|---|
| Lost Earnings | $269,154 |
| Emotional Distress | $25,000 |
| Punitive Damages | $269,154 |
| Attorneys' Fees | $30,000 |
| **Total Amount in Controversy:** | **$593,308** |

In summary, although Defendant does not in any way concede Plaintiff's claims have merit, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them, when the relief sought by Plaintiff is taken as a whole, the amount in controversy more likely than not exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs, confirming this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the civil action filed in the Superior Court of California, Contra Costa County may be removed by Defendant to this Court pursuant to 28 U.S.C. § 1441(a).

CASE NO. *Pending*

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

**VIII.    NOTICE TO PLAINTIFF AND STATE COURT**

Immediately following the filing of this Notice of Removal in the United States District Court for the Northern District of California, Defendant will arrange for notice of filing to be given to Plaintiff's counsel of record, and for a copy of the Notice of Removal to be filed with the Clerk of the Contra Costa County Superior Court.  Saechao Decl., ¶ 5.

**IX.    CONCLUSION**

For the reasons provided herein, Defendant hereby removes this action from the California Superior Court, in and for the County of Contra Costa, to the United States District Court, Northern District of California.

Dated:  April 25, 2025                                        LITTLE MENDELSON, P.C.


                                                             */s/ Douglas L. Ropel*
                                                             Douglas L. Ropel
                                                             Fay K. Saechao

                                                             Attorneys For Defendant
                                                             DEXIAN, LLC (erroneously sued as DIGITAL
                                                             INTELLIGENCE SYSTEMS, LLC)

4918-3711-7497.1 / 077917.1035

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 500 Capitol Mall, Suite 2000, Sacramento, California 95814. On April 25, 2025, I served the within document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

[x] **MAIL**. By placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Sacramento, California addressed as set forth below.

[ ] **OVERNIGHT MAIL**. By depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery and addressed as set forth below.

[ ] **CM/ECF**. By filing electronically on anyone registered to accept electronic filings through the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

[x] **ELECTRONIC SERVICE**. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is jjhughey@littler.com.

David J. Bobadilla, Esq.                             Attorneys for *Plaintiff*
Law Office of David J. Bobadilla
120 Tustin Avenue, Suite C-1170
Newport Beach, CA 92663
Tel:    562.225.9795
Email: djbobadilla@gmail.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and this Declaration was executed at Sacramento, California on April 25, 2025.

_____
Jessica J. Hughey

4937-9411-3339 / 077917.1035

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

15                                                    CASE NO. *Pending*